ELIAB STEVENS & al. _versus_ CHARLES M. WEBSTER.

A case, on demurrer and joinder, cannot legally come before the full Court on _report;_ but must be presented on exceptions, according to c. 82, § 19 of R. S.

Whether a defendant, after having filed his specifications of the grounds of defence, upon which he relies, can, at a subsequent term, without leave of Court, demur to the declaration for any defect not noticed in such specifications, — _quære._

REPORT by HATHAWAY, J.

This is an action of ASSUMPSIT, in which the defendant is declared against, as the maker of a promissory note; and was entered at the October term, 1857. Prior to the next (January) term, the defendant filed his specifications of defence, and the action was continued to the May term, 1858, when the defendant filed a demurrer, which was joined. The following report of the case was made : — " On demurrer. The writ, pleadings, specifications of defence constitute the case, which is submitted to the whole Court, to be disposed of according to the legal rights of the parties."

_Nickerson_, for the plaintiffs.

_Wilcox_, for the defendant.

The opinion of the Court was drawn up by

CUTTING, J. — This action was entered at the October term of this Court, 1857, and specifications filed agreeably to the statute, fourteen days before the then next January term, and, at the May term following, the defendant filed a general demurrer to the declaration, which is joined. The pre-

siding Justice, instead of ruling upon the demurrer, as by R. S. c. 82, § 19, it was made his imperative duty to do, reports the case thus made up for our adjudication; whereas, the demurrer can come before us only upon the exceptions of the aggrieved party; for, says the statute, "the Judge shall rule on it, and his ruling shall be final, unless the party aggrieved excepts to it; and, if the Law Court deems such exceptions frivolous, it shall award treble costs against the party excepting, from the time the exceptions were filed." Neither the Judge nor the parties were authorized thus to disregard the statute, and, in so doing, to present to us so crude a mass of material.

It may, however, be worthy of consideration, when the question shall be duly presented, whether the defendant, after having filed his specifications of defence, can, at a subsequent term, without leave of Court, demur to the declaration for any defect not noticed in such specifications. If such practice should be adopted, it might occasion much delay and unnecessary expense. The specifications are designed to notify the plaintiff what points are made in the defence, and he comes prepared with his witnesses to meet the issues, when, perhaps, to his surprise, he is met with a demurrer and a defective writ. The section of the statute, above cited, authorizes either party to demur " in any stage of the pleadings," but not in any stage of the proceedings; the stage in the pleadings is the direct line between the declaration and the surrebutter; the demurrer to specifications allowed by another section of the statute, is in a devious line, and is of modern invention, unknown to the common law, and practically, as yet, unknown to us. This case, not being properly before us, must be dismissed from the law docket.

TENNEY, C. J., RICE, APPLETON, and GOODENOW, J. J., concurred.